## S03Y0885, S03Y1284, S03Y1285. IN THE MATTER OF FRED CARTER (three cases).

(583 SE2d 883)

PER CURIAM.

Carter has three disciplinary matters currently pending before this Court, each of which involves his wilful abandonment of a client matter for which he had accepted a retainer and two of which involve his additional failure to respond to disciplinary authorities. As appropriate discipline for Carter's resulting violations of Standards 22 (b) and 44 and Rules 1.3, 1.4, 1.16, 8.4 (a) (4) and 9.3 of the Georgia Rules of Professional Conduct, all of Bar Rule 4-102 (d), the State Bar recommends in Case No. S03Y0885 that Carter be suspended for 90 days and in both Case Nos. S03Y1284 and S03Y1285 that he be disbarred. Because of the circumstances, we believe that disbarment is the appropriate sanction for Carter's numerous violations of the Georgia Rules of Professional Conduct.

The documents filed in these cases establish that on three separate occasions, Carter accepted money in exchange for his promise of legal services which services he then failed, in varying degrees, to provide in a timely or appropriate manner; his failures in each case led to judgments being entered against each of his clients, which judgments significantly harmed each client's interests. In addition, Carter failed to respond to his clients' requests for information about the status of their respective cases and, in one case, affirmatively deceived his client about her case. Despite his sub-standard performance, Carter failed to refund any of the money paid to him by the clients. Moreover, although the State Bar properly served Carter with the relevant notices of investigation and notices of discipline, Carter failed on several occasions to respond in a timely manner.

Considering these facts (all of which were admitted due to Carter's failure to respond to the disciplinary process), we find that Carter knowingly violated Standards 22 (b) and 44 and Rules 1.3, 1.4, 1.16, 8.4 (a) (4) and 9.3 of the Georgia Rules of Professional Conduct, all of Bar Rule 4-102 (d). We note in aggravation, that Carter has a significant prior disciplinary history, having received several prior Review Panel reprimands on different disciplinary matters, and that each of the three current matters includes multiple offenses. We find no factors in mitigation, and therefore, we believe that the facts in this case support the imposition of a significant sanction for the violations shown herein. See also, Bar Rule 4-103. Accordingly, as we agree with the State Bar's recommendation and find that disbarment is the warranted sanction in these cases, Carter hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JULY 11, 2003 —
RECONSIDERATION DENIED JULY 29, 2003.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar,* for State Bar of Georgia.

S02G1156. CITY OF WINDER v. McDOUGALD et al.
(583 SE2d 879)

FLETCHER, Chief Justice.

We granted certiorari in this case to consider whether a municipality may be held liable for injuries a suspect incurs when the suspect is fleeing police in a high speed chase. The Court of Appeals held that the municipality could be liable for the wrongful death of the suspect upon a showing that the police officer acted in reckless disregard of proper police procedures.[1] Because the wrongful death claim was brought by the parents of the fleeing suspect and the reckless disregard standard of OCGA § 40-6-6 (d) (2) applies only to the claim of an innocent party, we reverse.

Fourteen-year-old Ashley McDougald took her father's car without permission and was driving in the City of Winder at 4:40 a.m. without turning on the car's headlights. A City police officer observed another vehicle flash its lights at McDougald and when McDougald failed to turn on the lights, the officer turned on his blue flashing lights and began to follow McDougald. When McDougald continued to drive without headlights, the officer turned on his siren and McDougald sped away. While the officer followed McDougald, she increased her speed and soon lost control of the car and hit a utility pole. McDougald was killed and her parents sued the officer and the City. The trial court denied summary judgment for the City, holding that the City had waived immunity to the extent of its insurance coverage and that it could be liable if the officer acted negligently.[2] The Court of Appeals affirmed the denial of the City's motion, but held that the standard for liability under OCGA § 40-6-6 (d) (2) was whether the police officer acted in reckless disregard of proper police procedures.

Prior to 1995, OCGA § 40-6-6 (a) provided that an officer pursuing a suspect "shall not [be] relieve[d] . . . from the duty to drive

---

[1] *City of Winder v. McDougald,* 254 Ga. App. 537 (2) (562 SE2d 826) (2002).

[2] The trial court granted summary judgment to the individual officer based on official immunity and that ruling was not challenged on appeal.